COMMISSIONER OF FINANCE AND CONTROL *v.*
JOHANNA WHITFIELD

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 635

Argued May 16—decided September 8, 1978

*Bruce A. Morrison,* for the appellant (defendant).

*Carl R. Ajello,* attorney general, and *Wendell S. Gates,* assistant attorney general, for the appellee (plaintiff).

PARSKEY, J.   According to the stipulated facts, the defendant was the recipient of welfare assistance under the program for aid to families with dependent children (AFDC) from October 1, 1969, through September 30, 1973.   In February, 1969, the defendant was injured in an automobile accident. In July, 1970, the defendant settled her personal injury claim, the net proceeds of which totaled $1951.32.   During the period the defendant was on the AFDC program she received assistance payments in excess of the net proceeds of the personal injury claim.   The plaintiff instituted the present action against the defendant and her attorney in the personal injury matter, asserting a statutory lien on the proceeds under General Statutes § 17-83f.[1]   Upon her attorney's motion, the court rendered an interlocutory judgment of interpleader. Thereafter the defendant filed a counterclaim seeking damages for deprivation of food stamps.   The trial court rendered judgment for the plaintiff on both the complaint and the counterclaim and the defendant has appealed.

---

[1] "[General Statutes] Sec. 17-83f.   STATE'S CLAIM AGAINST PROCEEDS OF CAUSE OF ACTION.   In the case of causes of action of beneficiaries of aid under this chapter, the claim of the state shall be a lien against the proceeds therefrom for repayment under section 17-83e, and shall have priority over all other claims except attorney's fees for said causes, expenses of suit, cost of hospitalization connected with the cause of action by whomever paid over and above hospital insurance or other such benefits, and, for such period of hospitalization as was not paid for by the state, physicians' fees for services during any such period as are connected with the cause of action over and above medical insurance or other such benefits;

The principal issue raised by the defendant concerns the validity of General Statutes § 17-83f. The defendant, relying on *Sniadach* v. *Family Finance Corporation*, 395 U.S. 337, and its progeny, contends that the lien created by this statute deprives her of property without due process of law and, therefore, that § 17-83f is unconstitutional on its face. We need not consider the *Sniadach* principle because this case, unlike the *Sniadach* type cases, involves a statutory lien that is an encumbrance on the benefit. Public assistance is not an outright gift which the recipient has a right to retain free and clear of any obligation of reimbursement. The benefit is burdened with the obligation to reimburse and this obligation may be secured without offending due process by an assignment of or a lien on a recipient's personal injury action. *Snell* v. *Wyman*, 281 F. Sup. 853, 863 (S.D. N.Y.), aff'd, 393 U.S. 323.

The view which we have taken on the validity of the lien provisions of § 17-83f makes it unnecessary for us to consider the claims which the defendant has briefed respecting the plaintiff's right to recovery on other grounds.

We dwell briefly on the defendant's challenge to the trial court's judgment for the plaintiff on her counterclaim. The subject matter of the counterclaim involves a claim for the bonus value of food stamps which she did not receive. The remedy provided by statute for testing this claim is an administrative hearing before the welfare commissioner.

and such claim shall consist of the total assistance repayment for which claim may be made under the provisions of this chapter. The proceeds of such causes of action shall be assignable to the state for payment of the amount due under said section 17-83e, irrespective of any other provision of law. Upon presentation to the attorney for the beneficiary of an assignment of such proceeds executed by the beneficiary or his conservator or guardian, such assignment shall constitute an irrevocable direction to the attorney to pay the commissioner of . . . [finance and control] in accordance with its terms . . . ."

General Statutes § 17-2a. "When an administrative remedy is provided by law, relief must be sought by exhausting this remedy before resort to the courts." *McNish* v. *American Brass Co.,* 139 Conn. 44, 53; see *Mazzola* v. *Southern New England Telephone Co.,* 169 Conn. 344, 349–50. There is nothing in the record before us to suggest that the defendant utilized, let alone exhausted, the administrative remedy available to her.

There is no error.

In this opinion A. HEALEY and D. SHEA, Js., concurred.